PAN:MKM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – –X

| | |
|---|---|
| UNITED STATES OF AMERICA | APPLICATION FOR AN ORDER REQUIRING THE RETURN OF |
| - against - | SEALED MATERIAL |
| FRANK LOCASCIO, | Docket No. 90-CR-1051 (ILG) |
| Defendant. | |

– – – – – – – – – – – – – – – – – –X

       The United States of America, moving by and through its undersigned counsel, respectfully informs the Court of an inadvertent disclosure by the government of sealed material and submits this application under the All Writs Act, 28 U.S.C. § 1651, for an order requiring its return. The proposed Order would require Frank LoCascio to return a DVD containing a copy of a December 12, 1989 audio recording that was sealed by the Court pursuant to a sealing order dated January 9, 1998 (the "Sealed Recording"). In support of this application, the United States asserts the following:

BACKGROUND

       1.     The defendant Frank LoCascio, together with John Gotti, was convicted after a six-week trial in 1992 of racketeering and racketeering conspiracy, in violation of 18 U.S.C. §1962(c) and (d), as well as a number of predicate acts that also were charged as separate counts. LoCascio was sentenced to life imprisonment. The charges were based on the crimes LoCascio committed as the underboss of the Gambino organized crime family of La Cosa Nostra. LoCascio and Gotti appealed their judgments of conviction entered on June 23,

1992, and from the denial of their motions for a new trial. Their convictions and sentences were affirmed in October 1993. United States v. LoCascio, 6 F.3d 924 (2d Cir. 1993).

2.     In 2003, approximately ten years after his conviction and numerous intervening motions and appeals, LoCascio moved this Court pursuant to 28 U.S.C. § 2255 to vacate his judgment of conviction. The petition was denied. The Court of Appeals thereafter affirmed the denial. LoCascio v. United States, 473 F.3d 493 (2d Cir. 2007).

3.     By motion dated October 5, 2010, LoCascio, through his attorney Ruth Liebesman, Esq., moved for, among other things, the unsealing of audio recordings "identified by the dates November 30, 1989 and December 12, 1989 . . . currently under a sealing order of this Court, dated January 9, 1998" (the "2010 Motion to Unseal"). (Docket Entry No. 403). The government opposed that motion. (Docket Entry No. 408).

4.     On August 24, 2011, the Court issued an order addressing LoCasio's motion (the "2011 Order"). (Docket Entry no. 415). In the 2011 Order, the Court explained: "What is driving this motion is a thinly disguised effort to re-litigate a ruling made during the trial upon which LoCascio and his counsel can only be described as fixated. That ruling has remained undisturbed in the more than nineteen years since it was made and should be regarded by now as final." (2011 Order at 6). The Court then recounted LoCascio's prior applications and arguments concerning the presentation of the audio recordings at trial and set forth its prior rulings and the bases for those rulings. (Id. at 6-8). Noting that LoCasio's 2010 Motion to Unseal was "an unmistakable effort to re-litigate" the Court's prior rulings, the Court held that "finality must be declared" and denied LoCascio's motion to unseal the recordings. (Id. at 9).

5.      LoCascio, again by counsel Ruth Liebesman, then appealed the 2011 Order. The Court of Appeals affirmed.  See Amended Summary Order and Mandate, dated Nov. 21, 2012 (Docket Entry No. 420).

6.      On September 8, 2015, LoCascio, again by counsel Ruth Liebesman, filed in United States District Court for the District of Columbia a civil complaint (the "2015 Complaint") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, et seq., based on a FOIA request directed to the Federal Bureau of Investigation ("FBI") that sought, among other things, the disclosure of the Sealed Recording that was the subject of the 2010 Motion to Unseal and the 2011 Order.  LoCascio v. Federal Bureau of Investigation, 15-CV-1461 (RC) (attached hereto as Exhibit A).  The 2015 Complaint makes no reference to LoCascio's 2010 Motion to Unseal, this Court's 2011 Order, or the affirmance of the 2011 Order by the Court of Appeals.[1]   The undersigned is unaware of any notification by counsel for LoCascio to the U.S. Attorney's Office for the Eastern District of New York of the 2015 Complaint.

7.      In response to the FOIA request that was the subject of the 2015 Complaint, the FBI, on March 29, 2016, released to counsel for LoCascio a DVD containing a copy of the Sealed Recording, with certain redactions made under Exemption (b)(6) and (b)(7)(C) of FOIA.  After making this release, the FBI determined that the Sealed Recording was released in error as the content of the audio recording is protected by the sealing order entered by the

---

[1] Ms. Liebesman, on behalf of Mr. LoCascio, previously filed a different FOIA action in the United States District Court for the District of Columbia based on a FOIA request that had been submitted to the Executive Office of United States Attorneys ("EOUSA").  See LoCascio v. Dep't of Justice, Case No. 14-CV-67 (ABJ).  In July 2014, LoCascio dismissed that action "without prejudice as to any component of the Department of Justice other than the EOUSA."  See Docket Entry No. 11 in Case No. 14-cv-67.  The 2015 Complaint also fails to mention this prior lawsuit.

3

Court on January 9, 1998 (Docket Entry No. 386). By letter dated April 15, 2016 (attached hereto as Exhibit B), the FBI formally notified Ms. Liebesman of this error and requested that the Sealed Recording be returned.[2] Ms. Leibesman declined that request. The U.S. Attorney's Office for the District of Columbia then informed the U.S. Attorney's Office for the Eastern District of New York of the FBI's inadvertent disclosure of the Sealed Recording in violation of the Court's 1998 sealing order and Ms. Liebesman's refusal to return the Sealed Recording.

### REQUEST FOR ORDER

8.  First, the government makes this submission to respectfully inform the Court of the inadvertent disclosure by the FBI of the Sealed Recording in violation of the Court's 1998 sealing order.

9.  Second, the government respectfully requests that this Court issue an order under the All Writs Act, 28 U.S.C. § 1651, requiring LoCascio to return the Sealed Recording so that the Sealed Recording may be secured, consistent with the Court's 1998 sealing order. In addition, for reasons previously stated by the government in its opposition to the 2010 Motion to Unseal, the government seeks an order confirming that the sealing order remains in effect and that the Court issued the seal with the intent to prohibit the Department of Justice from disclosing the content of the audio recordings that are the subject of the sealing order as long as the seal remains in effect. See Morgan v. United States Dep't of Justice, 923 F.2d 195, 198 (D.C. Cir. 1991) ("in order to meet its burden of proof [in a FOIA action seeking records that are subject to a sealing order], the DOJ may need to seek a

---

[2] The FBI also informed Ms. Liebesman that the Sealed Recording is subject to withholding under Exemption 3 of FOIA and has opposed its disclosure in LoCascio's civil suit.

4

clarification from the court that issued the seal"). The government will promptly inform the district court presiding over LoCascio's civil suit of this application and any order by this Court.

Dated: Brooklyn, New York
      May 2, 2016

                              ROBERT L. CAPERS
                              United States Attorney
                              Eastern District of New York

              By:        /s/
                              M. Kristin Mace
                              Assistant United States Attorney
                              718-254-6879